And we'll begin with the first of the cases to be argued, which is Admiral Insurance Company v. Niagara Transformer Corp. Thank you, Your Honor. May it please the Court. There is a substantial controversy between Admiral and Niagara that supports subject matter jurisdiction in this case. Niagara and Admiral are contracting parties that have adverse legal interests concerning whether there's insurance coverage for claims asserted against Niagara by Monsanto. Admiral's declaratory judgment claim based on its late notice defense admits of specific relief of a conclusive character. A declaration of no coverage would end this case. It's not premised on a hypothetical set of facts. We're not asking the Court to say what the law might be in some set of circumstances. We're asking the Court to say what the law is on an undisputed factual record. Counsel? Yes, Your Honor. Is Admiral in any way hurt by not deciding this now and waiting to see if there really is a claim, what the claim is, and then also so that we know something about the timing, which will tell us something about your defense? I believe it is, Your Honor, in two distinct ways. First off, under the law with respect to a policy, an older policy such as Admiral, prejudice is presumed based on a failure to provide timely notice. And this Court has recognized that that presumption is conclusive. So Admiral was injured in that fashion from the delayed notice. Secondly, if we were to take a step away and this Court were to affirm the dismissal of this case, then the parties are left to just sit and wait, uncertain, to see what Monsanto does. And if Monsanto decides to institute suit, we're right back to the beginning, back at it again. Isn't that often the case where somebody could sue somebody and we don't give, generally, a declaratory judgment because somebody has indicated that they might sue? We wait until there is one, don't we? Not all the time, Your Honor. Certainly sometimes. And frankly, when declaratory judgment is available or not is one of the messiest areas of law there is. No question, Your Honor. As this Court has said repeatedly, whether there is an actual controversy often is a matter of degree. But the absence of a suit is not an absolute bar. And it's also, it's just not a requirement to issue the declaratory judgment. And I think in the context of a late notice defense like this, we're talking about a condition precedent to coverage. We're not talking about a coverage defense that in any way is contingent on or determined by the particular allegations of a lawsuit. It can and often is resolved prior to any lawsuit. The New York v. Ambrose case from this Court recognized both that an insured has the obligation to give notice of an occurrence before a suit, and an insurance company can waive that defense if it fails to timely raise it. And so the net effect of that is that the question of whether there ever could be coverage in a late notice context is concrete, substantial, and clear once notice is provided and coverage is denied. Well, you keep insisting that we shouldn't be looking, or that the district court at least, looked at the wrong relationship, right? You're saying that the Monsanto Niagara relationship is not the one that we should be focused on. But humor us at least. I mean, it seems to me if that's where we're supposed to be focused, the fact that this is both a request to defend and indemnify gives you an alternative basis to prevail here, doesn't it? This is a motion, I mean, this is not simply indemnification, right? Correct. Well, I'm sorry. Go ahead, answer that question. So our position vis-a-vis late notice is that because the late notice vitiates coverage, there's no circumstance we could ever be asked to indemnify, and therefore, no duty to defend. So it kind of focuses on- But then you wouldn't need to wait for almost anything, right? I mean, in other words, if Niagara knows of potential suits, but Monsanto or anybody like Monsanto never even threatened to bring suit, you would still be arguing that you're entitled to early notice, right? Certainly, if there was an occurrence or a claim, Your Honor. Absolutely. The policy obligates the insured to provide that notice. But it often does- But it's typically on the nature of the demand, right? That's really where we typically focus. You seem to be creating a rule where anybody who's seeking a declaratory judgment basically has standing, or there's jurisdiction, and that's way too broad, isn't it? I'm not sure I'd necessarily put it that way, Your Honor. Our point was that the concerns about whether and to what extent Niagara will be liable to Monsanto shouldn't drive the question of whether there's an actual controversy between Admiral and Niagara, the parties to this case. But I think what you seem to be saying is that any time there's a late notice defense that the carrier might have, then that is the proper basis for a declaratory judgment, regardless of whether suit has even been threatened. I think that's right, Your Honor, in the context of this case where- Doesn't the question of whether a notice is made, in some instances- I'm not saying necessarily in this instance- depend on when a suit is brought, likely a suit is to be brought, that is, all the things which we don't really know yet because no suit has been brought. So doesn't that very fact make it difficult to approach your defense at this stage? I don't believe so, Your Honor, because again, Monsanto made very clear multiple demands on Niagara for defense and indemnity. It advised Niagara that Niagara had a particular share of a settlement of a group of cases entered into by Monsanto. Niagara chose to provide notice of coverage to Admiral. Admiral denied coverage on late notice grounds. At that point, that particular dispute, whether there was timely notice of Monsanto's claims, has crystallized. And it's really not dependent on whether Monsanto ultimately sues Niagara. In other words, there are no contingencies we need to worry about to resolve the late notice issue now. Again, we know when notice was provided. We know when Niagara learned of the claims. And we know when Admiral denied coverage. And I would refer the Court to the Evercare case from the 11th Circuit. It is enough that Niagara demanded coverage and Admiral denied it. That's a controversy, a sufficient controversy to enable a declaratory judgment. Am I wrong that declaratory judgment, even if it is available, is a matter of discretion in the district court? Absolutely, Your Honor. No question about it. But this Court has recognized two objectives that it should consider when determining do we retain jurisdiction of an otherwise justiciable claim. The first objection is it must have a useful purpose. The first objective, excuse me. It must have a useful purpose. The second objective is will it terminate the dispute? Will it eliminate the uncertainty? And we submit both objectives are met here. But the district court never passed on this, of course, right? That's correct. The district court never got to the discretionary considerations under the DJ Act. If I were to agree with you, shouldn't we at least give the district court an opportunity to decide this? I don't believe so, Your Honor. I believe this- The discretionary calculus for the district court. I believe this Court has made it clear that it's not bound by what the district court does on this particular question. It should conduct its own analysis so that I believe this Court can- The discretion of the district court to deny declaratory judgment in a situation like this? No, no. That's not what I'm saying, Your Honor. I recognize that the district court did not undertake the discretionary analysis required under the Declaratory Judgment Act. What we argued, and I believe this Court has said, is that it is free to conduct its own discretionary analysis of an otherwise justiciable claim to determine whether it's appropriate to retain jurisdiction. I would concede that happens probably more often than not. I haven't- I confess I haven't searched every case on it, but it probably happens more often than not where the district court has made a determination. But this court is free to make that determination on its own. Mr. Kinney, what exactly is the prejudice to you or your client if you simply waited? It's the uncertainty that declaratory judgments are designed to avoid. Again, if we walk away from this, then we sit and wait and have to wait and see what Monsanto does. And I dare say if Monsanto- And what exactly- in what sense is that an injury or a disadvantage to your client? Well, it requires the client to keep a claim open. And I dare say if Monsanto was to sue Niagara tomorrow, I'm reasonably confident Admiral will be getting a letter within the next day or two, or certainly within a short period of time. And also, as I noted to Judge Calabrese earlier, this court has recognized that late notice prejudice is presumed. That's an injury too. So, those would be the injuries I would refer to the court to. Thank you, Your Honor. Thank you, Mr. Kinney. I'm going to reserve two minutes. We'll hear from Mr. Holland. Thank you, Your Honor. Why are we here? The insurance company wants to take advantage of an antiquated notice rule that relieves them of an obligation to prove prejudice from late notice. The legislature has changed the law, not retroactively, but I think it's worth noting. The district court judge, Judge Carter, applied the practical likelihood test. Excuse me, but can I interrupt? I mean, Judge Carter applied the practical likelihood test with respect to liability only, right? But this is not an indemnification only case. This is a defend and indemnify case. And I don't think Judge Carter did an inquiry as to whether a suit was likely, right? I don't believe he did, but the fact is- Doesn't he have to? Well, I don't think so, Your Honor. No suit has been- So, your view is that an insured is not able to bring, that there's no controversy until a suit has actually been filed. No. I understand that the law creates some exceptions for that situation. But here, we not only have no suit filed, we have a broader record. And the practical likelihood test, the cases are clear. The court is supposed to undertake a- Yeah, at counsel, you did make a claim against admiralty, didn't you? We did. We demanded- You did because you thought you had to give notice, but you didn't. It wasn't just admiralty out of the blue coming and saying they might make a claim against us, and we wanted that territory judgment that the claim would not go anywhere. You did make a claim. Absolutely, Your Honor. But, again, applying the practical likelihood test, Judge Carter looked at the following facts. Monsanto's original demand was from August of 2016. It's almost six years ago. Niagara Transformer has not heard from Monsanto since October 2019. In June 2020, Monsanto, on its own, without consultation with Niagara Transformer, settled to the tune of $820 million border cases, which were part of the cases that they were supposedly seeking indemnification against us. There was no follow-up demand from Monsanto. It's been radio silence. We're unaware of any underlying suit where Niagara Transformer has been sued. We're unaware of any underlying suit where the products of Niagara Transformer were even alleged to have been involved in any of the environmental harm. Well, there's the Magnatech case, right? The Magnatech case is a case where Magnatech sued Monsanto in order to beat them to the punch, essentially, on the enforceability of the special undertaking, which is the same basis that they were seeking. Make that clear to me. You're saying that in Magnatech it was not Monsanto that took the initiative, but Magnatech who took the initiative? Magnatech took the initiative, yes. So you're saying to us that there has been no case in which Monsanto has taken the initiative to sue somebody who is like-situated to you? Not as far as I'm aware. Well, let me just follow that up, then, because at least Monsanto's theory of liability in Magnatech is the same as what was in the demand letter here, right? It's basically a share of the PCB sales. Yes. Gross sales everywhere. Yes, Your Honor. So doesn't the fact that Monsanto has articulated and litigated on that theory at least inform a decision as to whether there is some kind of likelihood of suit? Well, from my standpoint, Your Honor, it would lead to the conclusion that it's even less likely Monsanto is going to sue Niagara Transformer. I mean, why haven't they done it yet? And just to bear repeating, we haven't heard from them since 2019, two and a half years. Well, I mean, this case was initiated when? May of 2020. May of 2020. So, I mean, maybe everybody's just sitting and waiting to see how this plays out, don't you think? I can't get inside Monsanto's head, but I think when we look at the broad picture as the practical likelihood test requires, it leads to the conclusion that Monsanto may never sue Niagara Transformer. And accordingly, we're looking at an advisory opinion with respect to what Admiral is seeking. I do want to make the point with respect to practical likelihood that the law in this area is already in favor of the insurer in the sense that the test allows the insurer to bring suit, to bring a declaratory judgment action, even when there's no underlying litigation yet. I think what Admiral is doing is seeking to expand, make it even more favorable to the insurer. Look, I mean, you're the ones who gave notice, right? Correct, yes. It does seem a little perverse to have you gave notice alerting them to the prospect of litigation and the need for indemnification. And now you're saying that they shouldn't be allowed to get a declaratory judgment, that you're too late. I'm saying that we put them on notice. Right. We demanded defense and indemnification. There's no defense obligation because Monsanto hasn't sued. There's no indemnification obligation. There's no settlement or no judgment. The cases cited by Judge Carter seem directly on point to me. I mean, his conclusion, his conclusion was the facts do not show a substantial and immediate controversy. I mean, I don't understand how his statement is wrong. Wouldn't it have been better from your point of view and from every point of view if Judge Carter had assumed standing arguendo and then as a matter of discretion, given all the things that he used to say that there was no standing and just said it is not appropriate to give a declaratory judgment now? Wouldn't that just have gone home very much more easily? He didn't do that, and so that's now a question of whether we affirm the standing, whether we are in a position to make a light judgment, or whether we should send it back to the district court to do what I think is perfectly obvious that the court will do given the basis for saying no standing. Perhaps he should have, Your Honor. Let me just say this, that, you know, there's the requirement to find subject matter jurisdiction, and then there's the discretion the court has to abstain, and to the extent this court feels the need to get into the area of abstaining, this case seems like an ideal case to apply given the circumstances. Right, I just, could you respond to what Mr. Kinney said, which is that we can do that without sending it back down to the district court? I believe you can, Your Honor, yes. Thank you, Your Honor. Thank you. Mr. Kinney? Just one point, Your Honor, I'd like to stress that the reason we are here is precisely because Niagara demanded defense and indemnity. Niagara didn't say, well, there's no suits, you don't have to worry about defending. They demanded defense and indemnity. They didn't say there's no indemnity. They demanded it. With that demand, they said it was reasonable to assume that Monsanto would sue Niagara. In fact, that was their stated basis for providing notice in the first place. So to the extent a practical likelihood analysis is required here, that alone satisfies it. Thank you, Your Honors. Thank you very much, Mr. Honaker. Mr. Kinney? All right. We'll reserve the stage.